**L. B. Shaw, Owner of Tug JESS B. SHAW, Appellant, v. Bethlehem Steel Co., Appellee.**

Circuit Court of Appeals, Third Circuit. February 17, 1927.

Petition for Rehearing Withdrawn May 2, 1927.

No. 3552.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Lewis,. Adler & Laws, of Philadelphia, Pa. (Otto Wolff, Jr., of Philadelphia, Pa., of counsel), for appellant.

Howard M. Long, of Philadelphia, Pa., and Macklin, Brown, Lenahan & Speer, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Bethlehem Steel Company filed a libel against the steam tug Jess B. Shaw, charging the latter with negligence in causing the loss of a cargo of pig iron loaded on a barge which the tug was towing through the Delaware Canal. That canal, which was 9 feet in depth and about 40 feet wide, was being dredged by the government to a depth of 30 feet and 250 feet width. This was done by leaving the old canal open for passage and dredging alongside of it the new channel. The dredging had begun at, and had extended a considerable distance from, the Chesapeake end, when the Shaw entered and proceeded safely with her tow through the new and widened channel until she reached the location where the dredge was working, and where she had to pass over from the north or newly dredged channel to the south or old canal channel.

The contention of the libelant is that the tug was too late in making this maneuver, with the result that the barge struck the north bank of the old canal and sank, or, to use the charge of the libel, "they did not tow the said barge in the channel, but, on the contrary, towed her in such a negligent manner that she came in contact with the bank of the canal." On its side, the tug contends that it successfully and in due time made the change of course, and it and the barge had straightened their course in the old canal channel, when the latter took a sudden and unlooked-for sheer to the north and, as its answer stated, "struck a portion of a stone bulkhead in the canal, which was entirely submerged, in consequence of which said barge filled and sank with said cargo on board."

After considering, reciting, and fully discussing the conflicting proofs, the court below held with the libelant and entered a decree for damages, stating in its opinion:

"We refuse to find the facts upon which these theories of defense rest, either that the barge was deflected from the channel or that she struck upon an obstruction in it. On the contrary, we find that the proximate cause of her loss was the negligence of the tug in that instead of entering the old canal in line with its channel by getting in a position to so do in time to succeed, the maneuver was too long delayed and the attempt was made to tow the barge across the line of the old towpath and thus struck upon it. All the facts in evidence confirm this."

Thereupon the tug took this appeal. The question involved was wholly one of fact, and after a study of the proofs we have reached the same conclusion as did the court below.

As no principles of admiralty are involved, and there is no necessity to again discuss the proofs, we limit ourselves to stating that, finding no error in the case, and being in entire accord with its conclusion, its decree is affirmed.

2

**John D. KEY, in His Own Behalf and as the Guardian of Margaret Key, et al., Plaintiffs in Error, v. PANAMA RAILROAD COMPANY, Defendant in Error. \***

Circuit Court of Appeals for the Fifth Circuit. April 8, 1927.

No. 4965.

In Error to the District Court of the United States for the Canal Zone; Guy H. Martin, Judge.

Chauncey P. Fairman, of Cristobal, Canal Zone, and Harmodio Arias, of Panama City, Panama, for plaintiffs in error.

Newton A. Becker and John O. Collins, both of Ancon, Canal Zone, for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. On the authority of the decision in the case of Panama Railroad Co. v. Rock, 266 U. S. 209, 45 S. Ct. 58, 69 L. Ed. 250, the judgment in this case is affirmed.

*Rehearing denied May 23, 1927.